SOPHIA WALLER v. THE LEAVENWORTH LIGHT AND
HEATING COMPANY.

**No. 663.\*  (61 Pac. 327.)**

IMPLIED CONTRACT—*Safe Appliances—Liability for Breach.*
Where one electric-light company purchases the plant of another
company and continues its business, it impliedly contracts with
its customers and the public that it will use such appliances and
care as are known to the business to protect them from harm,
and it is liable to any one who suffers damage from its failure so
to do, and under the pleadings in this case this question was suf-
ficiently raised.

Error from Leavenworth district court; LOUIS A.
MYERS, judge. Opinion filed June 6, 1900. Reversed.

*Jno. T. O'Keefe,* for plaintiff in error.

*John H. Atwood,* and *William W. Hooper,* for defend-
ant in error.

The opinion of the court was delivered by

WELLS, J.: The plaintiff in error, as plaintiff in
the district court, brought her action against the
Leavenworth Light and Heating Company to recover
the sum of $1000 damages alleged to have been
sustained by her by reason of a fire caused by the
negligence of the company. The defendant denied
generally, and plead contributory negligence, to which
a general denial was filed in reply. The case was
tried to the court and a jury, and upon the conclusion
of the evidence each party asked that a verdict be di-
rected in its favor. Thereupon the court refused the
request of the plaintiff and directed the jury to return
a verdict for the defendant, which was done, and

---

\* Petition for order to certify denied by supreme court July 7, 1900.
—REP.

judgment rendered accordingly.    To reverse this, the case is brought to this court.

In considering this case we shall assume that each party having requested the court to instruct the jury to direct a verdict in its favor, and neither party demading that the facts be submitted to the jury, the verdict as directed has the same force and effect as if it had been found by the jury in the usual way, although upon this proposition the writer of this opinion has some doubts, and the only question is, Does the evidence sustain the verdict?

It seems to us reasonably well established by the evidence that the damage was caused by the negligence of the company, and there was no serious conflict of the evidence upon this question.    We do not think it material whether Walker was superintendent or electrician; he was the person who was representing both companies at the respective times they had charge of the plant.    Nor is it important to decide whether this action should be properly defined as an action *ex contractu* or an action *ex delicto*.    When companies or persons engage in a dangerous business they impliedly contract with their customers and the public that they will use such appliances and care as are known to the business to protect the persons and property of their customers and the public from harm, and no matter how many hands the business may pass through, each one succeeds to the same duty and obligations.    As indicated by the brief of the defendant in error, the district court seems to have been of the opinion that the action was based upon the contract made at the time the lights were first furnished the plaintiff by the defendant company, which was a different entity from the one sued, and that upon this basis this action could not be sustained.    But we do

not so understand the pleadings. We think that under our code they are sufficient to raise the question of the negligence of the defendant. The court should have directed a verdict for the plaintiff and rendered its judgment accordingly.

The judgment of the district court is reversed and said court directed to award a new trial.